IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MARY ANN WOOD SMITH, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STATE AUTO PROPERTY & CASUALTY ) <br> INSURANCE COMPANY and ) <br> EDWARD ROSE & SONS, LLC, ) <br> ) <br> Defendants. ) | Case No. 6:20-cv-03192-MDH |

## ORDER

Before the Court are the following motions: Defendants' Motion to Dismiss (Doc. 14); Plaintiff's Motion for Substitution of Counsel (Doc. 15); Plaintiff's Motion For Extension Of Time To File Motion For Substitution For Party For Good Cause Under Rule 6(B)(1) (Doc. 16); and Plaintiff's Motion To Remand (Doc. 18).

Defendants move to dismiss this case stating that Plaintiff filed her Petition in the Circuit Court of Greene County, Missouri on or about May 18, 2020. Plaintiff's Petition alleges breach of contract and fraudulent misrepresentation. Defendants removed the case to the Western District of Missouri on June 26, 2020. After filing answers, Defendants' counsel then filed Suggestion of Death on November 6, 2020 stating that upon information and belief Plaintiff died on April 1, 2020. (Doc. 13). Defendant moves the Court to dismiss the case in accordance with Federal Rule 25(a)(1) because 90 days has passed since Defendant filed its Suggestions and this matter is subject to dismissal.

1

In response to the Motion to Dismiss, Plaintiff has filed her motions. Plaintiff moves the Court to substitute the party for good cause. However, Plaintiff's motion states that plaintiff Mary Ann Wood Smith died on April 1, 2020. Plaintiff's motion further states that an estate has not been opened in state probate court and no personal representative exists who can be substituted as a party at this time. (Doc. 16). As such, Plaintiff asks for an extension of time to obtain an appointment of a personal representative and to substitute the proper party.

Defendants' oppositions to Plaintiff's motions state that the record now further supports dismissal of this lawsuit as it is now confirmed that Plaintiff lacked standing to bring the lawsuit that was filed after her death. Under R.S.Mo. § 537.020, causes of action "shall not abate by reason of death" but in case of the death of a party such cause of action shall survive to the personal representative of such injured party. This rule requires the appointment of a personal representative by the probate division of the circuit court by one or more beneficiaries of the deceased. See *Sauter v. Schnuck Markets, Inc.*, 803 S.W.2d 54 (Mo. App. E.D. 1990). Further, "[s]tanding is jurisdictional and lack of standing cannot be waived." *Id.*

Here, the Court finds Plaintiff lacked standing to initiate this lawsuit. The lawsuit was filed by Mary Ann Wood Smith after her death and as a result was not brought by an individual with standing to bring such claims. The Court finds dismissal without prejudice is appropriate and that the Court lacks jurisdiction to grant an extension of time for Plaintiff to obtain an appointment of a personal representative or to allow substitution of a proper party.

Wherefore, based on the record before the Court, the Court **GRANTS** the motion to dismiss and dismisses this case without prejudice. The Court finds Plaintiff's motions are moot in light of the Court's ruling.

**IT IS SO ORDERED.**

DATED:  April 1, 2021

                                                        */s/ Douglas Harpool*  
                                                        **DOUGLAS HARPOOL**  
                                                        **UNITED STATES DISTRICT JUDGE**